**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. B-05-714 |
| | § | |
| MONTSERRAT TREJO-PALACIOS | § | |
| AKA: BETZANI HERRERA-RUIZ | § | |

**MEMORANDUM OPINION**

The Court is faced with Defendant's objection to the Pre-sentence Investigation Report ("PSR") prepared by the United States Probation Office. *Docket No. 15*. The PSR, as filed with the Court, included a sixteen-point sentencing enhancement to the base offense level of eight pursuant to United States Sentencing Guideline § 2L1.2 (b)(1)(A)(ii). The basis of the enhancement is Defendant's prior conviction of Criminal Responsibility for Facilitation of Aggravated Robbery under Section 39-11-403 of the Tennessee Code Annotated ("Section 403"),[1] which was designated as a crime of violence in the PSR. For the reasons stated below, Defendant's objection to the sixteen-point enhancement is **GRANTED.**

**I.    BACKGROUND**[2]

On January 28, 2004, Defendant drove three male individuals to a grocery store in Shelbyville, Tennessee. She remained in the vehicle while her three companions robbed the store.

---

[1]    Section 403 states:
A person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony.
TENN. CODE ANN. § 39-11-403(a) (2005).

[2]    The underlying facts are repeated here to aid as a frame of reference but were not considered by this Court, which remains bound by the categorical approach as per the dictates of the Fifth Circuit. *United States v. Chapa-Garza*, 243 F.3d 921, 924 (5th Cir. 2001).

Once the robbery was completed, Defendant drove all four individuals away from the scene. Defendant was apprehended soon thereafter and charged with Criminal Responsibility for Aggravated Robbery under Tennessee Code § 39-11-402 ("Section 402");[3] however, she pled guilty to the lesser offense of Criminal Responsibility for Facilitation of Aggravated Robbery under Section 403.[4] She was sentenced to six years custody, but was released to Immigration and Customs Enforcement on March 24, 2005, and deported to Mexico on May 10, 2005. On August 10, 2005, Defendant was taken into custody at the Gateway International Bridge in Brownsville, Texas, after having attempted to enter the country using a false identification document. She has pled guilty to the charge of Attempted Illegal Reentry into the United States After Deportation, Having Been Previously Convicted of an Aggravated Felony, in violation of 8 U.S.C. § 1326(a) and (b).

## II.   DISCUSSION

The primary question before this Court is whether Defendant's Tennessee conviction for facilitation of aggravated robbery is a crime of violence under § 2L1.2 (b)(1)(A)(ii) of the Sentencing Guidelines. If the Tennessee conviction fits within that particular definition of "crime of violence," a sixteen-level sentencing enhancement is appropriate. If not, then this Court must determine whether the Tennessee conviction nonetheless merits a sentencing enhancement under

---

[3]   Section 402 states:
Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense.
TENN. CODE ANN. § 39-11-402(2) (2005).

[4]   The government has suggested that this Court consider the "charging instrument as well as the judgment of conviction" in assessing Defendant a sixteen-point enhancement. *Docket No. 17*, at 4. However, under *United States v. Turner*, 349 F.3d 833 (5th Cir. 2003), because "there is no document actually charging [her] with the offense for which [she] was ultimately convicted," this Court cannot take Defendant's Tennessee indictment into consideration for sentencing purposes. *Id.* at 836.

a different subsection of § 2L1.2.

Under § 2L1.2 (b)(1)(A)(ii), a predicate offense constitutes a crime of violence in one of two ways: either it fits within one of the enumerated offenses, one of which is "robbery," or it has as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(iii) (2005). The government argues that Defendant's predicate conviction out of Tennessee is a crime of violence because she was essentially convicted of aggravated robbery, an offense that fits within either prong of the definition of crime of violence. Furthermore, during oral argument, it was suggested that Defendant's conviction could, in the alternative, constitute aiding and abetting, conspiring, and/or attempting to commit aggravated robbery, which would also place the conviction within the crime-of-violence definition under § 2L1.2 (b)(1)(A)(ii). *See id.* at § 2L1.2 cmt. n.5. Defendant, on the other hand, argues that her conviction for facilitation of aggravated robbery is not a crime of violence because "no intent to commit Robbery is required to be convicted of such offense." *Docket No. 15*. Moreover, Defendant argues she was not convicted of aiding and abetting, attempting to commit, or conspiring to commit aggravated robbery. Rather, she was convicted of facilitation of aggravated robbery, which is a lesser offense.[5]

### A.     Crime of Violence Under § 2L1.2(b)(1)(A)(ii)

#### 1.     First Prong

Under the first prong of the definition of crime of violence contained in § 2L1.2(b)(1)(A)(ii), courts do not look to the specific definition of an enumerated offense applied by the state of

---

[5] During oral argument, counsel for Defendant argued that, at most, her Tennessee conviction deserves a four-point enhancement pursuant to § 2L1.2(b)(1)(D); however, her written objection asks this Court to consider "in the alternative" a four-point or an eight-point enhancement. *Docket No. 15*, at 5.

conviction. *United States v. Dominguez-Ochoa*, 386 F.3d 639, 642 (5th Cir. 2004). Rather, if the enhancement provision does not specifically define the enumerated offense in question, courts look to the "generic, contemporary meaning" of the offense "regardless of the 'labels employed by the various States' criminal codes.'" *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 592, 598 (1990)). If the Sentencing Guidelines do not define an enumerated offense, the Fifth Circuit instructs lower courts to apply a "common sense approach" in determining whether a particular state conviction fits within the generic meaning of the enumerated offense. *United States v. Torres-Diaz*, —F.3d—, No. 05-40090, 2006 WL 225615, *5 (5th Cir. Jan. 30, 2006); *see also United States v. Izaguirre-Flores*, 405 F.3d 270, 274–75 (5th Cir. 2005).

Despite the fact that Defendant was convicted in Tennessee of facilitation of aggravated robbery rather than the actual crime of aggravated robbery, the government argues that the Court can take a common sense approach and surmise that Defendant's conviction should be treated as an aggravated robbery for sentencing purposes. In support of this proposition, the government primarily relies on a Sixth Circuit case that discusses Section 403 within the context of the Career Offenders portion of the Sentencing Guidelines: § 4B1.2.

In *United States v. Chandler*, 419 F.3d 484 (6th Cir. 2005), the Sixth Circuit held that the defendant's conviction for facilitation of an aggravated assault under Section 403 constituted a crime of violence because such a conviction "by its nature" presented a serious potential risk of physical injury to another. *Id.* at 487. One of the defendant's main arguments in that case was that courts could not look into the conduct underlying a Tennessee facilitation conviction because many felonies could be facilitated without any risk of physical harm to another person. *Id*. at 486–87. In rejecting that argument, the court stated:

> A reading of this statute indicates, then, that **the specific underlying felony that a defendant is found guilty of facilitating provides the substance of the criminal conviction, for to determine whether a defendant is guilty of facilitation and to determine the defendant's sentence, the court must look to the underlying specific felony.** Under this statute, a defendant is never convicted of a generic "facilitation of a felony" charge. Rather, a defendant convicted of facilitation is always found to have facilitated a *specific* felony.

*Id.* at 487 (emphasis added). The government points to the above emphasized language and extrapolates that if courts must look to the underlying felony actually facilitated in order to determine a proper sentence, then facilitation convictions should be treated as convictions for the underlying felony under the Sentencing Guidelines.

The government misconstrues the Sixth Circuit's reasoning in *Chandler*. First, the court specifically stated that "[i]f a defendant had the requisite intent to commit the specific felony, then he would be guilty of that offense, not facilitation." *Id.* at 488 n.2. Moreover, the *Chandler* court did not rule that if the underlying felony constitutes a crime of violence, then the facilitation of such a felony under Tennessee law also constitutes a crime of violence. Rather, the court ruled that under the third prong of the definition of crime of violence contained in § 4B1.2, the facilitation of aggravated assault under Tennessee law "by its nature" presented "a serious potential risk of physical injury to another" and, therefore, such a conviction constitutes a crime of violence.[6] *Id.* Thus, *Chandler* is not on point with regard to the government's argument because the applicable sentencing guideline provision in that case contains controlling language that is omitted from the applicable sentencing guideline provision in this case. *See* § 2L1.2 cmt. n.1(B)(iii). Indeed, even though "aggravated assault" is one of the enumerated offenses listed in the crime-of-violence

---

[6] The third prong of § 4B1.2 states that an offense is a crime of violence when "the conduct set forth…in the count of which the defendant was convicted…by its nature, presented a serious potential risk of physical injury to another." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1.

-5-

definition contained in § 4B1.2, the *Chandler* court did not even consider whether the defendant's facilitation of an aggravated assault conviction constituted a crime of violence under that prong.

Similarly, in *United States v. Sawyers*, 409 F.3d 732 (6th Cir. 2005), the Sixth Circuit addressed whether a facilitation of a burglary conviction under Section 403 constituted a "violent felony" for the purposes of the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). The definition of "violent felony" under that statute, which is very similar to the applicable crime-of-violence definition in *Chandler*, is as follows:

> any crime punishable by imprisonment for a term exceeding one year…that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is **burglary**, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* at § 924(e)(2)(B) (emphasis added). Although the underlying felony in *Sawyers* was burglary, the court did not consider whether facilitation of a burglary fit within the enumerated-offense prong of the definition of "violent felony." Rather, the court found that the defendant's conviction under Section 403 constituted a violent felony because it involved conduct that presented "a serious potential risk of physical injury to another." *Id.* Again, that language does not exist within the definition of crime of violence in § 2L1.2. Thus, the government's reliance on Sixth Circuit case law is completely misplaced.

The Fifth Circuit has not had occasion to address the particular issue involved in the case at hand. The closest case to being on point that this Court has found from within this circuit is a case out of the Western District of Texas in which the district court determined that the defendant's prior conviction under Section 403 for facilitation of the sale and distribution of over 70 pounds of marijuana constituted a drug trafficking offense under § 2L1.2(b)(1)(A)(i) of the Sentencing

Guidelines. *United States v. Leon-Orozco*, No. EP-05-CR-1624-KC, 2005 WL 3077153 (W.D. Tex. Nov. 4, 2005). *Leon-Orozco* is not controlling or persuasive authority in this case because it involves a different subsection of the Sentencing Guidelines.

The Sentencing Guidelines do not define either "robbery" or "aggravated robbery." Thus, in order to determine whether Defendant's conviction for facilitation of an aggravated robbery fits within the first prong of the crime-of-violence definition contained in § 2L1.2(b)(1)(A)(ii), the Court turns to Section 403 to see whether a conviction under that statute fits within a generic, contemporary meaning of robbery or, in this case, aggravated robbery. Although courts are not required to do so, they can look to the Model Penal Code for the generic contemporary meaning of an enumerated offense. *See*, *e.g.*, *Torres-Diaz*, 2006 WL 225615, at *5–6. The Model Penal Code defines "robbery" as follows:

> A person is guilty of robbery if, in the course of committing a theft, he:
> (a) inflicts serious bodily injury upon another; or
> (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or
> (c) commits or threatens immediately to commit any felony of the first or second degree.

MODEL PENAL CODE § 222.1(1). Theft is defined as the unlawful taking of, or exercise of control over, the property of another with the purpose of depriving him thereof. *Id.* at § 223.2(1). Thus, a generic contemporary meaning of robbery contains three basic elements: (1) a person has to intend (or have the purpose) to deprive another of property; (2) the person actually has to take the property; and (3) in doing so, the person has to either threaten or inflict serious bodily injury. A conviction under Section 403, therefore, would have to have these three elements in order to fit within the first prong of the crime-of-violence definition under § 2L1.2 (b)(1)(A)(ii).

Section 403 "applies to a person who has facilitated the commission of a felony by another

by furnishing substantial assistance but without the intent to promote, assist in or benefit from the felony's commission." *State v. Fowler*, 23 S.W.3d 285, 287 (Tenn. 2000); *see also* TENN. CODE ANN. § 39-11-402, Sentencing Commission Comments. Facilitation of a Felony under Section 403 is considered a lesser-included offense of Criminal Responsibility for the Conduct of Another under Section 402. *Fowler*, 23 S.W.3d at 288; *see also State v. Burns*, 6 S.W.3d 453, 470 (Tenn. 1999); *Chandler*, 419 F.3d at 488 n.2.

A plain interpretation of the Tennessee statute shows that facilitation of an aggravated robbery is not analogous to a generic contemporary meaning of "robbery" under the Sentencing Guidelines. The requisite *mens rea* elements differ. A person convicted under Section 403 does not have to intend to deprive a person of property or intend to put someone in fear of serious bodily injury; rather, Section 403 requires only that the person know someone else intends to do so. Thus, Defendant's prior conviction does not fit within the first prong of the crime-of-violence definition under § 2L1.2 (b)(1)(A)(ii) of the Sentencing Guidelines.

### 2. Second Prong

Under the second prong of the definition of crime of violence, the Court must employ a categorical approach looking only to the statute under which Defendant was convicted—not to the facts underlying the conviction—in order to determine whether the statute contains an element involving the use of force. *Unites States v. Gracia-Cantu*, 302 F.3d 308, 312–13 (5th Cir. 2002). Even though the Sentencing Guidelines are silent as to whether "the use of force" must be intentional, the Fifth Circuit has held that the **intentional** use of force must be an element of the convicting statute in order for the predicate offense to qualify as a crime of violence for sentence enhancement purposes under § 2L1.2 (b)(1)(A)(ii). *United States v. Vargas-Duran*, 356 F.3d 598,

602 (5th Cir. 2004). Therefore, this Court must determine whether the intentional use of force is an element of Section 403.

Section 403 on its face does not contain an element involving the intentional use of force. *Cf. Sawyers*, 409 F.3d at 737 (stating that facilitation of a felony under Tennessee law does not "contain an element of force" for the purposes of the ACCA). A person could provide substantial assistance in the commission of a felony without availing herself of the use of force, intentional or otherwise. The government argues that because the crime of aggravated robbery has as an element the intentional use of force, the facilitation of aggravated robbery also involves the intentional use of force because the Tennessee robbery statute requires the intentional or threatened use of violence.[7] As has already been discussed, however, the requisite mental states differ between facilitation of aggravated robbery and aggravated robbery. A conviction for facilitation of aggravated robbery does not involve the intentional use of force because "[a] person responsible for facilitation need not possess the mental state to commit the underlying crime; instead, he must only be aware that another person intends to commit it and knowingly furnish substantial assistance." *Id.* at 738. Therefore, the Court finds the government's argument unpersuasive and rules that Defendant's Tennessee conviction does not fall within the second prong of the applicable definition of crime of violence.

---

[7] The elements of aggravated robbery under Tennessee law are set out in Tennessee Code §§ 39-11-401(a) and 39-13-402(a). They can be described as follows:

> Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear…[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon or [w]here the victim suffers serious bodily injury.

*State v. Wilkins*, No. W2003-03085-CCA-R3-CD, 2006 WL 304696 (Tenn. Crim. App. February 8, 2006).

### 3. Aiding and Abetting, Attempt, and Conspiracy

Although the government did not brief this issue, it was suggested that Defendant's conviction could nonetheless constitute aiding and abetting, attempting to commit, or conspiring to commit aggravated robbery. Defendant argues that her conviction should not be treated as the equivalent of robbery "[b]ecause the drafters of the commentary to the guidelines chose to exclude facilitation offenses from the list of offenses which should be treated as equivalent to an underlying offense, and because the offense of facilitation is indeed less severe than the offenses of 'aiding and abetting, conspiring, and attempting.'" *Docket No. 18*, at 3. She points to a Second Circuit case for support.

In *United States v. Liranzo*, 944 F.2d 73 (2d Cir. 1991), the court considered whether a conviction under a New York facilitation statute fell within the aiding and abetting, conspiracy, and attempt commentary of §§ 4B1.1 and 4B1.2 of the Sentencing Guidelines. The New York facilitation statute at issue in that case is similar to the Tennessee facilitation statute at issue in this case in that it "involves conduct 'in which the actor aids the commission of a crime with knowledge that he is doing so but without any specific intent to participate therein or to benefit therefrom.'"[8] *Id.* at 79 (quoting N.Y. PENAL LAW § 115.05, Practice Commentaries). The district court determined that the defendant's prior conviction for facilitation of the sale of cocaine constituted a "controlled substance offense" for the purposes of being assessed a career offender enhancement. The Second

---

[8] The New York statute at issue in *Liranzo* stated that a person commits criminal facilitation in the second degree when:
> …believing it probable that he [or she] is rendering aid to a person who intends to commit a class A felony…he [or she] engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony.

*Liranzo*, 944 F.2d at 79 (quoting N.Y. PENAL LAW § 115.05 (McKinney 1987)).

Circuit reversed stating that "unlike the crime of aiding and abetting, conspiracy, or attempt, the crime of criminal facilitation does not involve the *intent* to commit the underlying substantive offense." *Id.* (emphasis in original). Thus, the court ruled that the defendant's crime for facilitation of the sale of cocaine was not a controlled substance offense because it was a crime that did not involve "the mental culpability to commit a substantive narcotics offense." *Id*.

This Court finds the reasoning in *Liranzo* persuasive, especially given the distinction between Sections 402(2) and 403 under Tennessee law. Indeed, facilitation is a lesser included offense of Section 402(2). According to the commentary of the Tennessee Sentencing Commission, Section 402 "sets forth the conduct of defendants formerly known as accessories before the fact and aiders and abettors." TENN. CODE ANN. § 39-11-402, Sentencing Commission Comments. Furthermore, the comments also indicate that a conviction for facilitation is possible "if the defendant's degree of complicity is insufficient to warrant conviction as a **party**." TENN. CODE ANN. § 39-11-403, Sentencing Commission Comments (emphasis added). In order to be convicted of the crimes of aiding and abetting (Section 402(2)), conspiracy (Tennessee Code § 39-12-103), or attempt (Tennessee Code § 39-12-101), the defendant is required to have the requisite *mens rea* for the underlying offense. This is the same under a generic, contemporary meaning of those crimes. *See*, *e.g.*, MODEL PENAL CODE §§ 206, 501, 503. Section 403 has no such element. Thus, Defendant's facilitation conviction does not fit within the aiding and abetting, conspiracy, and attempt portion of the commentary to § 2L1.2.

Defendant's facilitation conviction does not constitute a crime of violence and is not equivalent to aiding and abetting, attempt, or conspiracy to commit a crime of violence. Therefore, a sixteen-point enhancement is not warranted under either § 2L1.2(b)(1)(A)(ii) or its commentary.

### B.        Crime of Violence Under § 2L1.2 (b)(1)(C)–Aggravated Felony

Although this Court has ruled that a sixteen-point enhancement is inappropriate because Defendant's conviction for facilitation of aggravated robbery does not constitute a crime of violence under § 2L1.2 (b)(1)(A)(ii), the Court hereby assesses an eight-point enhancement under § 2L1.2 (b)(1)(C) because Defendant's conviction constitutes an aggravated felony.  For the purposes of § 2L1.2 (b)(1)(C), "aggravated felony" is assigned the meaning contained in 8 U.S.C. § 1101(a)(43). U.S.S.G. MANUAL § 2L1.2 cmt. n.3(A).  That section also contains another definition of "crime of violence" that cross-references yet another statutory provision: 18 U.S.C. § 16.  *See* 8 U.S.C. § 1101(a)(43)(F).  Section 16 defines crime of violence as an offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "is a felony and that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."  18 U.S.C. § 16.

The first prong of § 16 tracks the language of the second prong of the crime-of-violence definition contained in § 2L1.2.  As has already been discussed, a conviction for facilitation of aggravated robbery does not contain an element involving the use of force.  The second prong of § 16, however, tracks the language of the third prong of the crime-of-violence definition contained in § 4B1.2 of the Sentencing Guidelines.  Although the Fifth Circuit has not spoken on this particular subject, this Court finds the Sixth Circuit's reasoning in *Chandler* persuasive.  Even though Defendant did not actually commit aggravated robbery, she pled guilty to a crime in which she "knew an individual intended to commit" aggravated robbery and "knowingly furnished substantial assistance to this individual in the commission" of the aggravated robbery.  *Chandler*, 419 F.3d at 487.  This Court concludes that Defendant's Tennessee conviction inherently involved conduct that

presents a serious potential risk of physical injury to another and, therefore, constitutes a crime of violence under § 1101(a)(43)(F). Thus, under § 2L1.2 (b)(1)(C), Defendant's conviction constitutes an aggravated felony.

### III.  CONCLUSION

Defendant's objection to the sixteen-point enhancement [Docket No. 15] is hereby **GRANTED**. Defendant's Tennessee conviction for facilitation of an aggravated robbery does not constitute a crime of violence within the meaning of § 2L1.2 (b)(1)(A)(ii). Therefore, a sixteen-point sentencing enhancement is inappropriate. The Court, however, hereby assesses an eight-point enhancement under § 2L1.2 (b)(1)(C) because Defendant's conviction constitutes an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16.

Signed in Brownsville, Texas, this 8th day of March, 2006.

Andrew S. Hanen
United States District Judge